1  Douglas R. Young (State Bar No. 073248)
   dyoung@fbm.com
2  Christina R. Hollander (State Bar No. 267292)
   chollander@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Attorneys for Defendants
   ABERCROMBIE & FITCH TRADING CO. and
7  ABERCROMBIE & FITCH STORES, INC.

8

                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12

13 | SAMANTHA JONES, on behalf of herself and all persons similarly situated, | Case No. 3:14-cv-4631 |

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

14                Plaintiff,

15         vs.                          [Federal Question, Class Action Fairness Act, and Diversity of Citizenship]

16 ABERCROMBIE & FITCH TRADING
   CO., an Ohio corporation;            CLASS ACTION
17 ABERCROMBIE & FITCH STORES,
   INC., and DOES 1 through 100, Inclusive,   Complaint filed:  July 30, 2014
18                                      First Am. Complaint filed:  September 9, 2014
                  Defendants.
19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL                                30700\4601059.1

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendants Abercrombie & Fitch Trading Co. and Abercrombie & Fitch Stores, Inc. (collectively "Abercrombie" or "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California, in and for the County of San Francisco, to the United States District Court, Northern District of California.

## PROCEDURAL BACKGROUND

1.     On, July 30, 2014, Plaintiff Samantha Jones ("Plaintiff") filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of California, in and for the County of San Francisco, styled *Samantha Jones, on behalf of herself and all persons similarly situated v. Abercrombie & Fitch Trading Co., an Ohio corporation, Abercrombie & Fitch Stores, Inc., and Does 1 through 100, Inclusive*, case number CGC-14-540816 (the "State Court Action").

2.     On September 9, 2014, Plaintiff filed a First Amended Class Action Complaint (the "Amended Complaint") in the State Court Action.

3.     Plaintiff asserts one (1) federal law claim and five (5) state law claims for monetary and nonmonetary relief in the State Court Action against Defendants, including: (i) Violations of the Fair Labor Standards Act ("FLSA"); (ii) Unfair Competition in Violation of California Business & Professions Code §§ 17200, *et. seq.*; (iii) Failure to Pay Wages for Hours Worked in Violation of California Labor Code §§ 510, 1194, & 1198; (iv) Failure to Provide Accurate Wage Statements in Violation of California Labor Code § 226; (v) Failure to Provide Wages When Due in Violation of California Labor Code §§ 201, 202, & 203; and (vi) Enforcement of Private Attorneys General Act of 2004 (California Labor Code §§ 2698, *et seq*.).

4.     Plaintiff seeks class certification of the following: (i) a nationwide FLSA Class including individuals who are or previously were employed by Abercrombie and classified as non-exempt employees, paid on an hourly basis, and scheduled for call-in shifts at any time during the period beginning three (3) years prior to the filing of the Complaint; (ii) a California

1   Class including individuals who are or previously were employed by Abercrombie in California

2   and classified as non-exempt employees, paid on an hourly basis, and scheduled for call-in shifts

3   at any time during the period beginning four (4) years prior to the filing of the Complaint; and

4   (iii) a California Subclass including all California Class members whose employment with

5   Abercrombie terminated within three (3) years prior to the commencement of this action.  Ex. A,

6   Amended Complaint ¶ 4.

7        5.     On September 17, 2014, Defendants received service of the Summons, Complaint,

8   Amended Complaint, and Civil Case Cover Sheet.  On October 15, 2014, Abercrombie filed its

9   Answer to the Amended Complaint.  True and accurate copies of those documents are attached,

10   collectively, as Exhibit A.

11        6.     Exhibit A constitutes all the pleadings, process, and orders served upon or by

12   Defendants in the Superior Court action.

13   **STATEMENT OF FEDERAL QUESTION JURISDICTION**

14        7.     In the Amended Complaint, Plaintiff brings a failure to pay wages claim (both

15   regular and overtime) and a failure to keep records claim pursuant to the FLSA, 29 U.S.C. § 203.

16   *See* Ex. A, Amended Complaint ¶¶ 34-39.  Plaintiff also seeks to bring this as a collective action

17   on behalf of all persons similarly situated under 29 U.S.C. § 216(b).  *See id.* at ¶ 18.  Therefore,

18   this case arises under federal law and federal question jurisdiction is established under 28 U.S.C.

19   § 1331.

20        8.     This Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C.

21   § 1331.  Further, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over

22   Plaintiff's state law claims because they are so inextricably intertwined with the federal claims,

23   "that they form part of the same case or controversy under Article III of the United States

24   Constitution."  28 U.S.C. § 1367(a).  Therefore, removal of this entire action to this Court is

25   proper pursuant to 28 U.S.C. §§ 1331 and 1441.

26   **STATEMENT OF DIVERSITY JURISDICTION**

27        9.     Separate and apart from the Federal Question Jurisdiction discussed above, this

28   Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005

1   (the "Act") and Diversity Jurisdiction.  *See* 28 U.S.C. § 1332(d).  In relevant part, the Act grants

2   district courts original jurisdiction over civil class actions filed under federal or state law in which

3   any member of a class of 100 or more putative class members is a citizen of a state different from

4   any defendant and the amount in controversy for the putative class members in the aggregate

5   exceeds $5,000,000, exclusive of interest and costs.  *Id.*  The Act authorizes removal of such

6   actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all requirements for

7   removal and is timely and properly removed by the filing of this Notice of Removal.

8                    **PURPORTED CLASS ACTION UNDER STATE LAW**

9           10.       The State Court Action has been styled as a class action, pursuant to California

10   Code of Civil Procedure § 382.  *See* Ex. A, Amended Complaint ¶ 21.  California Code of Civil

11   Procedure § 382 authorizes an action to be brought by one or more representative persons as a

12   class action.

13                           **TIMELINESS OF REMOVAL**

14          11.       Pursuant to 28 U.S.C. § 1446(b), Defendant filed this Notice of Removal within

15   thirty (30) days of its first receipt of a copy of the Complaint, Amended Complaint, Summons,

16   and Civil Case Cover Sheet in the State Court Action on September 17, 2014.  *See* Ex. A.

17                         **CLASS ACTION FAIRNESS ACT**

18          12.       <u>Basis of Original Jurisdiction</u>.  Section 4 of the Act, 28 U.S.C. § 1332(d)(2)(A), as

19   amended, provides in relevant part that "[t]he district courts shall have original jurisdiction of any

20   civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive

21   of interest and costs, and is a class in which … any member of a class of plaintiffs is a citizen of a

22   State different from any defendant."  *See Luther v. Countrywide Home Loans Servicing LP*, 553

23   F.3d 1031, 1033-34 (9th Cir. 2008) (The Act "amended the requirements for diversity jurisdiction

24   by granting district courts original jurisdiction over class actions exceeding $5,000,000 in

25   controversy where at least one plaintiff is diverse from at least one defendant.  In other words,

26   complete diversity is not required.").

27          13.       As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendants may remove the

28   State Court Action to federal court under the Act if:  (i) the matter in controversy, in the

1  aggregate, exceeds $5,000,000, exclusive of interest and costs; (ii) the case is a class action

2  involving more than 100 putative class members; and (iii) at least one member of the putative

3  class is a citizen of a State different from at least one Defendant.

4  **DIVERSITY**

5  14.  <u>Citizenship of Individuals</u>.  "For purposes of diversity jurisdiction, an individual is

6  a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed."

7  *Armstrong v. Church of Scientology Int'l*, Nos. 98-17024, 99-15203, 2000 U.S. App. LEXIS

8  28085, at *3 (9th Cir. Nov. 8, 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *see*

9  *also* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he is domiciled).

10  15.  <u>Plaintiff Jones is a Citizen of California</u>.  At the time of filing this action, Plaintiff

11  Jones represented that she lived and worked in the State of California.  Ex. A, Amended

12  Complaint ¶¶ 3, 21.  Abercrombie's records confirm that Plaintiff Jones was formerly employed

13  by Abercrombie in the State of California, and that her permanent address is in Sunland,

14  California.  Declaration of Mike Talcott ("Talcott Decl.") ¶¶ 2-3 (attached hereto as Exhibit B).

15  Accordingly, for purposes of diversity jurisdiction, Plaintiff Jones is a citizen of the State of

16  California.

17  16.  <u>The Class</u>.  Plaintiff's state law claims seek to represent all current and former

18  non-exempt hourly employees of Abercrombie who were employed in the State of California

19  during the putative class period.  *See* Ex. A, Amended Complaint ¶ 4.

20  17.  <u>Citizenship of Corporations</u>.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation

21  shall be determined to be a citizen of every State and foreign state by which it has been

22  incorporated and of the State or foreign state where it has its principal place of business."  A

23  corporation's principal place of business is "the place where a corporation's officers direct,

24  control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 599 U. S. 77, 92-93

25  (2010).  This single location is often referred to as a corporation's "nerve center."  *Id.*

26  18.  <u>Defendants are Not Citizens of California</u>.  Defendant Abercrombie & Fitch

27  Trading Co. is an Ohio corporation.  Ex. B, Talcott Decl. ¶ 4.  Defendant Abercrombie & Fitch

28  Stores, Inc. is an Ohio corporation.  *Id.* at ¶ 5.  Both Defendants have their principal place of

business in New Albany, Ohio.  *Id.* at ¶ 6.  More specifically, both Defendants maintain corporate headquarters in New Albany, Ohio, and their officers direct, control, and coordinate their business activities from New Albany, Ohio.  *Id.* at ¶ 7.  Thus, New Albany, Ohio is Defendants' "nerve center" for purposes of diversity jurisdiction.  Therefore, for purposes of diversity jurisdiction, neither Abercrombie & Fitch Trading Co. nor Abercrombie & Fitch Stores, Inc. is a citizen of the State of California.  *See Hertz*, 599 U. S. at 92-93.

19.     Doe Defendants.  Although Plaintiff also named additional fictitious defendants "Does 1-100," the Amended Complaint does not set forth the identity or status of any fictitious defendants.  The citizenship of fictitious defendants must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded.").

20.     Diversity of citizenship exists because Plaintiff Jones, and the putative class/subclass for each state law claim, is a citizen of the State of California whereas Defendants Abercrombie & Fitch Trading Co., and Abercrombie & Fitch Stores, Inc. are not citizens of the State of California.

## SIZE OF CLASS

21.     Plaintiff alleges that she was required to work call-in shifts for both the Model and Impact positions in Abercrombie's stores.  Ex. A, Amended Complaint ¶¶ 3, 4, 12.  Plaintiff filed the state law claims seeking to represent a class of all current and former non-exempt hourly employees in California for the past four years that were scheduled for call-in shifts and a subclass of that group representing only the former employees.  *Id.* at ¶ 4.  In the Amended Complaint, Plaintiff asserts that members of the class are so numerous that joinder would be impractical.  *Id.* ¶ 30(a).  In fact, Defendant Abercrombie & Fitch Stores, Inc. has employed over 54,403 non-exempt hourly employees in the Model or Impact position in its stores in the State of California within the past four years.  Ex. B, Talcott Decl. ¶ 8.

22.     While Abercrombie objects to the certification of any proposed class and asserts that class certification would not be appropriate in this case, the proposed state law class and subclass would easily exceed 100 members.

### AMOUNT IN CONTROVERSY

23.     Plaintiff's Amended Complaint is silent as to the total amount in controversy. However, Plaintiff's failure to specify the total damages or other monetary relief sought does not deprive this Court of jurisdiction over state law claims.  *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rule were otherwise, "any plaintiff could avoid removal simply by declining, as the plaintiff has done here, to place a specific dollar value upon its claim").  Rather, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir., 2013) ("[a] defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum;" noting that this standard conforms with a defendant's burden of proof when the plaintiff does not plead a specific amount in controversy under *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)).

24.     Under the preponderance of the evidence standard, a removing defendant must provide evidence to establish that it is "more likely than not" that the amount in controversy exceeds that amount.  *See Guglielmino*, 506 F.3d at 699 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  "[Section 1332(d)] tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

25.     This burden is not "daunting" and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).  "The ultimate inquiry is what amount is put 'in

1    controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (quoting

2    *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (emphasis added)).

3          26.    Moreover, Congress intended that any uncertainty of the removability of an

4    interstate class action be resolved in favor of federal jurisdiction. *See* Senate Judiciary

5    Committee Report, S. Rep. No. 109-14, at 42 (2005) ("if a federal court is uncertain about

6    whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed

7    the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the

8    case").

9          27.    Notwithstanding Plaintiff's failure to allege the total amount of monetary relief

10   claimed, the Act authorizes the removal of state law class actions in which, among other

11   requirements set forth above, the amount in controversy exceeds $5,000,000. *See* U.S.C.

12   § 1332(d)(2).  Abercrombie denies Plaintiff's claims of wrongdoing and requests for relief,

13   however, based on the allegations on the face of the Amended Complaint, the amount in

14   controversy exceeds the jurisdictional threshold.

15          (a)    Plaintiff asserts state law claims on behalf of herself and the putative class

16   for: (i) unfair competition under California Business & Professions Code §§ 17200; (ii) failure to

17   pay regular and overtime wages under California Labor Code §§ 510, 1194, & 1198; (iii) failure

18   to provide accurate wage statements under California Labor Code § 226; (iv) Waiting Time

19   Penalties under California Labor Code §§ 201, 202, & 203; and (v) Penalties under Private

20   Attorneys General Act.  Additionally, Plaintiff seeks an injunction, interest, and an award of fees

21   and costs.

22          (b)    Plaintiff claims that the proposed four-year class period, which

23   immediately precedes the filing of the State Court Action, runs from July 30, 2010 to present.  Ex.

24   A, Amended Complaint ¶ 4.

25          (c)    During that time period over 54,403 current and former Abercrombie

26   employees worked in the Model or Impact position in Defendants' stores in the State of

27   California.  Ex. B, Talcott Decl. ¶ 8.

28          (d)    Count Four of the Amended Complaint alleges that Abercrombie failed to

1   provide accurate wage statements under California Labor Code § 226 pursuant to a call-in policy

2   that was frequently used, applied uniformly to all potential California Class Members, and lasted

3   multiple years.  Ex. A, Amended Complaint ¶¶ 12-13, 68-71.  The Prayer for Relief then seeks

4   the greater of actual damages or statutory damages under California Labor Code § 226 which

5   equals $50 for the first violation and $100 for each subsequent violation per California Class

6   Member.  Thus, even assuming a maximum of two violations per Class Member, which is

7   unrealistically low given the scope and breadth of Plaintiff's allegations, the claimed damage

8   award far exceeds the $5,000,000.00 jurisdictional limit ($150 x 54,403 = $8,160,450).

9          (e)     Abercrombie categorically denies Plaintiff's factual allegations and these

10   claimed damages, however, in just one Cause of Action from the Amended Complaint, Plaintiff

11   has placed more than $5,000,000.00 in controversy.

12          28.     Based on the foregoing, Plaintiff's claims for relief exceed the $5,000,000

13   jurisdictional threshold of this Court – even without assessing the additional amount Plaintiff's

14   counsel will place in controversy related to the other state law claims, an injunction, and attorney

15   fees – as required by 28 U.S.C. § 1332(d).  Thus, removal of the state law claims from the State

16   Court Action is appropriate.

17                                           **VENUE**

18          29.     Pursuant to 28 U.S.C. §§ 84, 1441(a), and 1446(a), and because Plaintiff filed the

19   State Court Action in the Superior Court of the State of California, County of San Francisco,

20   venue lies in the district and division in which the State Court Action is pending.

21                                          **CONSENT**

22          30.     Defendants Abercrombie & Fitch Trading Co. and Abercrombie & Fitch Stores,

23   Inc. are the only named Defendants and they join in and consent to this Notice of Removal as

24   evidenced by the signature of their counsel below.

25                                   **NOTICE TO PLAINTIFF**

26          31.     As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the

27   filing of this Notice of Removal to Plaintiff, and will promptly file a copy of this Notice of

28   Removal with the Clerk of the Superior Court of the State of California, in and for the County of

1    San Francisco.

2                        <u>**RESERVATION OF RIGHTS**</u>

3          32.    This Notice of Removal is filed subject to and with full reservation of rights,

4    including but not limited to defenses and objections to venue, improper service of process,

5    personal jurisdiction, and class certification.  No admissions are intended hereby, and all

6    defenses, motions and pleas are expressly reserved.

7          **WHEREFORE**, Defendants remove this action from the Superior Court of the State of

8    California, County of San Francisco, to this Honorable Court.

9    Dated: October 16, 2014                    FARELLA BRAUN + MARTEL LLP

10

11                                             By:   /s/ Douglas R. Young
                                                    Douglas R. Young
12

13                                             Attorneys for Defendants
                                               ABERCROMBIE & FITCH TRADING
14                                             CO. and ABERCROMBIE & FITCH
                                               STORES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28