1
2
3
4                   IN THE UNITED STATES DISTRICT COURT

5                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7

8   SAMANTHA JONES, on behalf of herself and all
    others similarly situated,
9

10                 Plaintiff,                    No. C 14-04631 WHA

11        v.

12   ABERCROMBIE & FITCH TRADING CO.,            **ORDER GRANTING**
     ABERCROMBIE & FITCH STORES, INC., and       **UNOPPOSED MOTION TO**
13   DOES 1 – 100, inclusive                      **TRANSFER TO CENTRAL**
                                                  **DISTRICT OF CALIFORNIA**
14                 Defendants.
    _____/
15

16        In this putative wage-and-hour class action, defendants' unopposed motion to transfer to

17   the Central District of California is **GRANTED**.

18                       *              *              *

19        Plaintiff Samantha Jones commenced this putative class action in San Francisco Superior

20   Court in July 2014.  Defendants removed to federal court in October 2014.  This action was

21   subsequently reassigned to the undersigned in November 2014.

22        In December 2014, defendants filed a motion to transfer to the Central District of

23   California under Section 1404(a) of Title 28 of the United States Code.  Plaintiff filed a

24   statement of non-opposition and a declaration from counsel stating that "Plaintiff does not object

25   to Defendants' requested transfer to the Central District . . . . on the whole, the equities favor

26   transfer of this case to the Central District" (Phelps Decl. ¶ 3).

27        For the reasons stated herein, the motion is **GRANTED**.  This action could have been

28   brought in the Central District and transfer would serve the convenience of the majority of the

     putative class members, parties, counsel, and witnesses.  Ms. Jones, the plaintiff, worked in

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1  defendants' stores in the Central District from 2010 through 2014, and 54 percent of defendants'

2  stores in California were located within the Central District during the relevant time period.

3  Only 22 percent were located in the Northern District.  All counsel of record for plaintiff are

4  located in Irvine, and Ms. Jones' permanent address is in Los Angeles, according to defendants'

5  records (Talcott Decl. ¶¶ 3, 4).  Because plaintiff does not oppose transferring to the Central

6  District and because the Central District is comparably the more convenient venue, this action is

7  hereby **TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA**.

8         Docket numbers 17 and 18 are hereby **TERMINATED**.  The January 29 hearing date is

9  hereby **VACATED**.  For the consideration of any subsequent judge assigned to this action, the

10 undersigned judge's notice regarding factors to be evaluated for any proposed class settlement

11 can be found at docket number 11.

13         **IT IS SO ORDERED.**

15 Dated:   January 6, 2015.

                                        _____
16                                      WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE

2